**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JULIO CESAR NAVAS, | No. 13-16218 |
| Petitioner - Appellant, | D.C. No. 3:10-cv-00647-RCJ-WGC |
| v. | |
| JAMES BACA and NEVADA ATTORNEY GENERAL, | MEMORANDUM[*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Argued and Submitted December 10, 2014
San Francisco, California

Before: FISHER and PAEZ, Circuit Judges and QUIST,[**] Senior District Judge.

Julio Navas appeals the district court's dismissal of his amended federal

habeas petition, containing both exhausted and unexhausted claims. The district

court denied his motion to stay proceedings and hold Nava's petition in abeyance

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Gordon J. Quist, Senior District Judge for the U.S. District Court for the Western District of Michigan, sitting by designation.

while Navas pursued state court relief.  The district court instead dismissed his petition without prejudice, concluding that Navas had not shown good cause for failure to exhaust his state claims under *Rhines v. Weber*, 544 U.S. 269 (2005). The district court held that Navas was required to show that his pending state habeas proceedings presented  "an actual significant timeliness issue" before he was entitled to a stay.

The district court erred when it required Navas to show an "actual significant timeliness issue."  As the Supreme Court stated in *Pace v. DiGuglielmo*, "[a] petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file in federal court."  544 U.S. 408, 416 (2005).  Moreover, as *Pace* indicates, the district court should have assessed whether Navas had good cause *at the moment Navas filed his petition under 28 U.S.C. § 2254*, not at the moment he sought to stay proceedings.  When Navas filed his original petition, he was *pro se* and elderly, and serious questions had arisen regarding his mental competency.  Additionally, some of Navas's premature and duplicative *pro se* state filings caused reason for concern that Navas would face a procedural bar in Nevada state court.  The district court should have considered these factors when examining whether it was "reasonable" for Navas to file his original federal habeas petition.

However, on April 15, 2015, the Nevada Supreme Court issued a decision affirming the Nevada district court's grant of limited post-conviction relief to Navas. That court had granted Navas's state habeas petition for one of his convictions and denied it for the other. Because the Nevada Supreme Court reached the merits of Navas's state petition, it is clear that Navas's state court proceedings tolled the one-year statute of limitations, *see* 28 U.S.C. § 2244(d)(2), and that Navas is neither procedurally barred nor time-barred from filing a new federal habeas petition. Thus, there is no longer any need for the relief that Navas originally sought. But, the Nevada Supreme Court's decision has also obviated the district court's basis for dismissal, as Navas has now fully exhausted the claims in his amended federal petition.

Therefore, we vacate the district court's dismissal and remand for the district court to consider how it should proceed.

Navas shall recover costs on appeal.

**VACATED AND REMANDED.**

3